NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0049n.06

No. 19-1436

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RONNIE WADDELL, | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jan 23, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| T. ZAK, Sergeant, et al., | ) | |
| | ) | ON APPEAL FROM THE |
| Defendants, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DOCTOR LLOYD; ANDREA ROGERS; E. | ) | DISTRICT OF MICHIGAN |
| JONES; J. WHEA; NURSE JOHN BEXTON, | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: ROGERS, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Ronnie Waddell spent ten days in a Michigan jail, during which time he began to exhibit symptoms of withdrawal. The jail's medical staff monitored and treated Waddell until his release. Waddell later sued them, alleging they had treated him with deliberate indifference. The district court granted summary judgment to the defendants. We affirm.

On August 6, 2015, sheriff deputies in Genesee County arrested Waddell and took him to the county jail, where the medical staff asked him whether he had been using any drugs. Waddell lied and said no. Within two days he began to show signs of withdrawal, which led the staff to screen him again. This time Waddell admitted that, prior to his arrest, he had been consuming Xanax, methadone, and a twelve pack of beer daily. Thereafter the nurses checked Waddell's

vitals three times daily and gave him medication to ease his withdrawal symptoms. Waddell was symptom-free by August 12, so the staff discontinued his medication.

On August 14, however, Waddell became so aggressive and uncooperative that sheriff's deputies (who are not parties to this appeal) eventually tased, pepper-sprayed, and restrained him. Thereafter the medical staff again monitored Waddell and gave him medication. On August 16, Waddell was released from custody and taken to a medical center, where he was treated for withdrawal.

Waddell thereafter brought this lawsuit, claiming that the defendants' treatment of his symptoms was constitutionally inadequate. The district court granted summary judgment, holding that Waddell lacked evidence that would allow a jury to find that the defendants had treated him with deliberate indifference. We review the court's decision de novo. *See Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018).

We affirm substantially for the reasons stated by the district court in its thorough opinion. On appeal Waddell's arguments are conclusory: he does not identify specific evidence giving rise to a genuine issue of material fact as to whether the defendants' treatment of him was so deficient as to violate the Constitution, and his expert testimony (at least what he quotes in his brief) does not even contain an actual opinion. That Waddell's symptoms were at one point severe, and that at multiple points the deputies were forced to restrain him, does not mean that the medical staff violated any duty as to their treatment of him. Waddell does assert that the district court should have applied a different substantive standard than the one it did apply. But Waddell neither made that argument below nor developed it on appeal. And in any event the difference between the two standards is immaterial on the record here.

The district court's judgment is affirmed.